AMY L. LAMBDIN, OH #0083748
Attorney for the United States Trustee
United States Department of Justice
920 West Riverside Avenue, Room 593
Spokane, Washington 99201
Telephone (509) 353-3647

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>Whiskey Ranch Estates, LLC,<br><br>Debtor(s). | Case No. 25-00095-FPC11<br><br>UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE AND NOTICE |

Please take notice that the Acting United States Trustee for Region 18, Jonas V. Anderson (the "U.S. Trustee"), moves the court for an order dismissing this case pursuant to § 1112(b) of the Bankruptcy Code. The United States Trustee asserts that cause exists for the court to dismiss the case for the following reason(s):

### 1. JURISDICTION AND VENUE

Jurisdiction is based upon 28 U.S.C. §§ 157(a) and (b), and 1334, 11 U.S.C. § 1112(b), Fed. R. Bankr. P. 1017(f), 9013 and 9014, and Eastern District Court Local Rules, LCivR 83.5(a). Venue is appropriate in the Eastern District of Washington based upon the address of the debtor.

The United States Trustee is a proper party to raise these issues. 28 U.S.C. § 586(a)(8) and 11 U.S.C. § 307. *In re Donovon Corp.*, 215 F.3d 929 (9th Cir. 2000).

United States Trustee's Motion to Dismiss- 1

## 2. APPLICABLE LAW

Congress granted the bankruptcy courts great discretion to convert or dismiss a chapter 11 bankruptcy case for "cause" under 11 U.S.C. § 1112(b). *See, e.g., Pioneer Liquidating Corp. v. United States Trustee (In re Consol. Pioneer Mortgage Entities)*, 264 F.3d 803, 806 (9th Cir. 2001); *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994). Section 1112(b) provides a non-exhaustive list of factors constituting cause.

## 3. ARGUMENT

Cause exists to dismiss this case under 11 U.S.C. § 1112(b), and several independent grounds support dismissal.

### I. Failure to File Required Monthly Operating Reports

The Debtor has failed to file the monthly operating report for September 2025, despite requests from the United States Trustee and a clear statutory duty to do so. *See* 28 C.F.R. § 58.8(a)(7); Fed. R. Bankr. P. 201(a)(3); 11 U.S.C. § 704(a)(8), incorporated by 11 U.S.C. § 1106(a)(1). Timely and accurate operating reports are essential to the proper administration of a Chapter 11 case and to ensuring transparency to creditors and the Court. Even if the Debtor has no ongoing operations or income, the filing of operating reports showing that fact is no less required. The unexcused failure to satisfy reporting obligations is express cause under § 1112(b)(4)(F).

### II. Delinquent Quarterly Fees

The Debtor has failed to pay quarterly fees for the second and third quarters of 2025. Because the September operating report remains unfiled, the exact fee amounts cannot be confirmed, but no payments have been made for either quarter. Failure to pay quarterly fees constitutes cause under § 1112(b)(4)(K).

### III. No Reasonable Likelihood of Rehabilitation

On October 17, 2025, the Court approved the secured creditor's credit-bid purchase of the Debtor's only meaningful asset. With the sole asset transferred and no ongoing operations or income, the Debtor cannot propose or confirm a viable plan. This situation also results in continuing loss to or diminution to the estate. The Debtor continues to incur administrative expenses and, with no income, even these minimal administrative obligations cannot be satisfied. Given the absence of assets, lack of revenue, and inability to meet administrative expenses, there is no prospect for rehabilitation, satisfying both prongs of § 1112(b)(4)(A) and independently establishing cause for dismissal.

The U.S. Trustee submits that dismissal, rather than conversion, is in the best interests of creditors and the estate because there appears to be nothing of value for a chapter 7 trustee to administer. Accordingly, for the foregoing reasons, the United States Trustee respectfully requests that the Court enter an order dismissing this case.

### NOTICE

UNLESS YOU FILE an objection with the Clerk of the above-entitled court either (1) by CM/ECF for electronic filers, or (2) in writing at 904 West Riverside Avenue, Room 304, Spokane, Washington 99201 for all other filers, and serve a copy on the undersigned, and on the trustee, within 24 days of the date of this notice, an order may be entered without further notice to you.

Dated: November 19, 2025.

Respectfully submitted,

JONAS V. ANDERSON
Acting United States Trustee

/s/ Amy L. Lambdin
Amy L. Lambdin
Attorney for the United States Trustee

United States Trustee's Motion to Dismiss- 3